UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TIMOTHY RYAN WOOLSEY, ET AL.,**

   Plaintiffs,

v.                                                                   **No. 4:25-cv-0788-P**

**NORTHWEST INDEPENDENT SCHOOL
DISTRICT, ET AL.,**

   Defendants.

### OPINION & ORDER

Before the Court are Defendants Northwest Independent School District ("NWISD"), Michelle McAdams ("McAdams"), Erin O'Shea Johnson ("Johnson") and Mark Foust ("Foust") (together, "Defendants") Motions for Summary Judgment ("Motions"). ECF No. 53, 55, and 58. Having reviewed the Motions, the docket, and the applicable law, the Court will **DENY** the Motions.

### BACKGROUND

This case arises out of a dispute between Defendants and Plaintiffs concerning administrators at Kay Granger Elementary School, McAdams and Johnson, picking up, carrying, and then dropping a special needs student (R.W.W.) on the ground during the school day. ECF No. 78–1 at 9. R.W.W. had kicked another student, and McAdams and Johnson were called to remove him from the classroom. ECF No. 60 at 4. While at first R.W.W. complied with the administrators, he soon refused to continue going to McAdam's office, and after 5 minutes of sitting on the ground, he attempted to return to the classroom. *Id.* At 9. McAdams and Johnson claim they needed to take more physical action

because R.W.W. began to kick McAdams and had a history of returning to hit students he had previously injured. *Id.* They thus picked him up and dragged him to the office in a manner which left bruising, fingerprint marks, welts, and a scratch on his body. ECF No. 78–1 at 9. McAdams and Johnson also prevented R.W.W. from attending a scheduled counseling session, with Johnson stating that R.W.W. was not deserving of it. *Id.* at 10. R.W.W. was also placed in In-School Suspension multiple times, excluding him from educational activities. *Id.* at 16.

The Woolseys are not the only family to claim other instances of abuse from the administration at Kay Granger Elementary School ("Kay Granger"). *Id.* One family claims their son started self-harming in response to emotional damage he suffered at Kay Granger. *Id.* Another family claimed that McAdams was more concerned with protecting teachers than taking care of their son. *Id.* Notably, NWISD let multiple employees' work despite lacking de-escalation training or whose training lapsed. *Id.* At 24. Faculty were also not trained on how to properly transport children prior to the 2023-24 school year. *Id*

Plaintiffs now sue Defendants for disability discrimination under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, as well as Fourteenth Amendment due process claims under 42 U.S.C. § 1983. *Id.* at 9. Defendants move for summary judgment claiming that Plaintiff's claims are barred under *Fee v. Herndon,* state law and Qualified Immunity. ECF No. 60; ECF No. 56 at 1; ECF No. 54 at 1. Based on the facts of the case, Plaintiffs argue there is sufficient questions of material fact to deny summary judgment. The Court agrees.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists "if

the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex,* 477 U.S. at 323–24. To carry this burden, the "opponent must do more than simply show ... some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson,* 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson,* 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–23.

Generally, the pleadings of a plaintiff who is proceeding *pro se* must be liberally construed in his favor. *See Hurd v. Doe,* 2003 WL 21640569, 3 (N.D.Tex. July 10, 2003). However, under Rule 56 of the Federal Rules of Civil Procedure, the Court does not have an obligation to "'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Crane v. Bowles,* 2004 WL 1057771, at 1 (N.D.Tex. May 6, 2004) (quoting *Forsyth v. Barr,* 19 F.3d

1527, 1533 (5th Cir.1994)). Instead, "the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998)).

## ANALYSIS

As the Fifth Circuit recognized in *Crane*, "the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim". *Id.* Accordingly, this analysis proceeds in analyzing Plaintiff's claimed material issues to determine if there are sufficient questions of material facts when viewed in a light most favorable to Plaintiffs. The Court will address each in turn.

First, Plaintiffs claim that Defendants discriminatorily denied R.W.W access to his protected rights to counseling and other educational services. ECF No. 78–1 at 12. To establish a case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual under the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible or is otherwise being discriminated against by the public entity; and (3) that such denial of benefits or discrimination is by reason of his disability. *See Wilson v. City of Southlake*, 935 F.3d 326, 330 (5th Cir. 2019). Defendants concede prong one, but argue prongs two and threecannot be satisfied by Plaintiff. ECF No. 60 at 45-46. However, Defendants knew of R.W.W.'s disability and  denied services on the day of the incident and multiple times after. ECF No. 78–1 at 14. In fact, R.W.W.'s school therapist testified that Johnson claimed his therapy was a privilege, which he did not deserve given his conduct. *Id.* A reasonable jury could find that these instances are sufficient to meet prong two, and which creates a material question.

Defendants claim prong three cannot be established because McAdams and Johnson say they did not treat R.W.W. as they did *by reason* of his disability, but instead would have treated any child

similarly given his behavior. ECF No. 60 at 46. While this might be true, Plaintiff's argument that intentionality is a jury question is persuasive. ECF No. 78–1 at 16. Moreover, Plaintiffs cite multiple incidents when R.W.W. was placed in In-School Suspension instead of being provided with accommodations requested by his therapist. *Id*. The Court finds this raises a sufficient question of material fact where reasonable juries could conclude that Defendants intended to deprive R.W.W. of services by reason of his disability.

Second, Plaintiffs claim that Defendants are liable under 42 U.S.C § 1983 for violating R.W.W.'s rights to bodily integrity pursuant to an unconstitutional policy that NWISD adopted or knew was widespread. *Id*. At 20. Plaintiffs cite multiple families' testimonies that allege abuses of other students as evidence that there is widespread practice of violating student's constitutional rights to bodily integrity. *Id*. At 21. Defendants argue that under *Fee*, students cannot sue for injuries sustained through excessive corporal punishment if the punishment occurred in a disciplinary, pedagogical setting and state law provides adequate remedies. ECF No. 60 at 17; *Fee v. Herndon* 900 F.2d 804, 808 –10 (5th Circ.)*, cert. denied,* 498 U.S. 908 (1990). The Court concludes that a genuine dispute of material fact exists as to whether McAdam's and Johnson's actions were disciplinary in nature or instead constituted the use of improper de-escalation or transportation techniques outside the classroom. See ECF No. 78–1 at 27. Because determining whether the actions were disciplinary turns, at least in part, on questions of intent, the issue is not appropriate for resolution at summary judgment. See id. at 28. Viewing the evidence in the light most favorable to Plaintiff, including the family testimony and evidence regarding the de-escalation techniques employed, a reasonable jury could find in Plaintiff's favor on this issue.

Regarding adequate state law civil remedies, Plaintiffs argue Texas law does not provide adequate relief, since liability is only available under a finding of employee negligence or excessive force *Id*. at 28. Plaintiffs argue that under § 22.0511 negligence is a question of material fact, which should go to a jury. *Id.*. Moreover, Plaintiffs cite *Groden v. City of Dallas*, which states that juries should be left to decide whether

an authorized policymaker has promulgated an unconstitutional policy. *Groden v. City of Dallas* 826 F.3d 280, 12 (5th Cir. 2016).

Third, Plaintiffs claim that NWISD failed to adequately train McAdams and Johnson, which constitutes "official policy" if it amounts to deliberate indifference under *Littel*. ECF No. 78–1 at 22; *Little v Hous. Indep. Sch. Dist.* 28 F.3d 616 (5th Cir. 2018). Plaintiffs cite multiple employees whose de-escalation training had lapsed or were not certified. *Id.* At 24. Moreover, Plaintiffs cite that faculty were not trained on how to properly transport children prior to the 2023-24 school year. *Id.* These facts, reviewed in the light most favorable to the non-moving party, could lead a reasonable jury to conclude that NWISD acted with deliberate indifference in failing to train its employees.

Fifth, Defendants claim qualified immunity for their transportation of R.W.W. ECF No. 60 at 18. The Supreme Court in *Hope v Pelzer*, note that in "obvious cases" the unlawfulness of an official's conduct is sufficiently clear even if existing precedent does not address similar circumstances.  ECF No. 78–3 at 19; *See Hope v Pezler,* 536 U.S. 730, 738, (2002). Here, there is a legitimate, material question if handling a special needs student in a manner which leaves bruising, welts, and scratching is clearly unlawful.

## CONCLUSION

For the foregoing reasons, the Court concludes that genuine issues of material fact exist with respect to Defendants Motion for Summary Judgment. Accordingly, Defendants Motions for Summary Judgment are **DENIED**.

**SO ORDERED** on this **26th day of June 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE